# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2010

Lyle W. Cayce
Clerk

No. 10-10120
Summary Calendar

WILLIE FRANK KING,

Petitioner-Appellant

v.

WARDEN REBECCA TAMEZ,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-564

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Willie Frank King, federal prisoner # 29510-077, appeals the district court's denial of his 21 U.S.C. § 2241 petition, challenging his convictions for several drug-related crimes and resulting 328-month sentence.  In his petition, King alleged that he was denied his counsel of choice, in violation of his Sixth Amendment rights as articulated in *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006).  King argues that the district court erred in determining that he had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not met the requirements for proceeding under § 2241 pursuant to the savings clause of 28 U.S.C. § 2255(e).

To challenge the validity of his conviction and sentence through a § 2241 petition, King must affirmatively show that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). This requires him to make a showing of both actual innocence and retroactivity. *Reyes-Requena*, 243 F.3d at 903-04. Specifically, he must establish that his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in [his] trial, appeal, or first § 2255 motion." *Id*. at 904.

King devotes his brief to the argument that *Gonzalez-Lopez* should apply retroactively to cases on collateral review. He makes no argument that he is actually innocent. Moreover, *Gonzalez-Lopez* does not establish that his convictions are for nonexistent offenses. *See* 548 U.S. at 151-52. Therefore, we do not reach the question whether *Gonzalez-Lopez* is retroactively applicable to cases on collateral review because King cannot meet his burden regardless. *See Reyes-Requena*, 243 F.3d at 904. The district court's judgment is AFFIRMED. *See* § 2255(h); 28 U.S.C. § 2244(b)(3)(C); *Reyes-Requena*, 243 F.3d at 897-98. King is CAUTIONED that future attempts to circumvent the successive-motion requirements of § 2255 will invite the imposition of sanctions.